CV 06 5896

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

-against-

LOCAL 1104 COMMUNICATIONS WORKERS
OF AMERICA,

        Defendant.
----------------------------------------------------------x

COMPLAINT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 3 1 2006 ★
LONG ISLAND OFFICE

Civil Action No.

WEXLER, J.

BOYLE, M.

Plaintiff ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, by her attorney, ROSLYNN R. MAUSKOPF, United States Attorney, Eastern District of New York, VINCENT LIPARI, Assistant U.S. Attorney, of counsel, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-483 (hereinafter referred to as the "Act")).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4. Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States

Department of Labor. Plaintiff is authorized to bring this action pursuant to Section 402 of Title IV of the Act of 1959, 29 U.S.C. § 482(b).

5. Defendant Local 1104, Communications Workers of America, is, and at all times relevant, has been, an unincorporated association maintaining its principal office at One Florgate Road, City of Farmingdale, County of Nassau, State of New York.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant, has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7. Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the Communication Workers of America (National), a national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act, 29 U.S.C. § 402(i) and 402(j).

8. Defendant, purporting to act pursuant to its By-Laws, conducted an election of officers on October 21, 2005, which election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

9. By letter dated October 24, 2005, to the Defendant's Election Committee, Victor Rosado ("Complainant"), a member in good standing of the Defendant, protested the Defendant's October 21, 2005 election.

10. By letter dated October 31, 2005, to the Complainant, the Election Committee denied the protest.

11. By letter dated December 8, 2005, the Complainant appealed the decision of the

Defendant's Election Committee to the Defendant's Executive Board.

12. By letter dated December 14, 2005, to the Complainant, the Defendant's Executive Board denied the appeal.

13. By letter dated December 22, 2005, the Complainant appealed the Defendant Executive Board's decision to the National Vice President.

14. By letter dated January 24, 2006, the National Vice President denied the Complainant's appeal.

15. After he had exhausted the remedies available under Defendant's By-Laws and had received a final decision, the Complainant filed a timely complaint with the Secretary of Labor on February 8, 2006, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

16. In a series of letters, the Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election would be extended to October 31, 2006.

17. Pursuant to Section 601 of the Act, 29 U.S.C. § 521, and in accordance with Section 402(b) of the Act, 29 U.S.C. § 482(b), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that a violation of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of the Defendant's October 21, 2005 election and that the violation had not been remedied at the time of the institution of this action.

18. Section 401(e) of the Act, 29 U.S.C. § 481(e), was violated during the conduct of the aforesaid election in that Defendant applied an unreasonable petition requirement with respect

to the Operators Services Division of Defendant, thereby denying members a reasonable opportunity for the nomination of candidates.

19. The violation of section 401(e) of the Act, 29 U.S.C. § 481(e), found and alleged above may have affected the outcome of the Defendant's October 21, 2005 election for the offices of President, Secretary-Treasurer, Executive Vice President Education Division, Executive Vice President Operator Services Division, and Executive Vice President Telecommunications Division.

**WHEREFORE**, plaintiff prays for judgment: (a) declaring the Defendant's election for the offices President, Secretary-Treasurer, Executive Vice President Education Division, Executive Vice President Operator Services Division, and Executive Vice President Telecommunications Division to be null and void; (b) directing the Defendant to conduct a new election for these offices, under the supervision of the plaintiff; (c) for the costs of this action; and (d) for such other relief as may be appropriate.

Dated: Central Islip, New York
October 31, 2006

        ROSLYNN R. MAUSKOPF
        United States Attorney
        Eastern District of New York
        610 Federal Plaza, 5th Flr.
        Central Islip, New York 11722

By:    s/VINCENT LIPARI
        VINCENT LIPARI
        Assistant U.S. Attorney
        (631)715-7864