UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                   Plaintiff,                           CV 06-5896 (LDW) (ETB)

    -against-                                            MEMORANDUM
                                                          OPINION AND ORDER

LOCAL 1104 COMMUNICATIONS WORKERS
OF AMERICA,

                   Defendant.
----------------------------------------------------------------------x

       Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, Victor Rosado ("Rosado"

or the "Applicant"), a graduate student at the State University of New York at Stony Brook,

seeks to intervene in this action commenced by Elaine L. Chao, the Secretary of Labor (the

"Secretary") against the defendant, Local 1104 Communications Workers of America (the

"Union"), for the purpose of protecting his interest, as a member of the Union, in a fair and

orderly reelection process that complies with the Labor Management Report and Disclosure Act

of 1959, 29 U.S.C. §§ 481-483 ("LMRDA").

## FACTS

       On October 21, 2005, the Union conducted an election of officers, pursuant to its then-

existing by-laws. Such elections are subject to the provisions of Title IV of the LMRDA.

(Compl. ¶ 8.) By letter dated October 24, 2005, Victor Rosado, the applicant for intervention

herein, protested this election to the Union's election committee.[1] (Id. ¶ 9.) The election

---

[1] Although not specifically stated in the Secretary's complaint, it appears from Rosado's moving papers that he protested the nomination procedures put in place by the Union with respect to the election of officers, asserting that such procedures failed to take into account the "geographic and economic barriers graduate student members of Local 1104 face in the

committee denied Rosado's protest on October 31, 2005.  (Id. ¶ 10.)  By letter dated December 8, 2005, Rosado appealed the election committee's decision to the Union's executive board.  (Id. ¶ 11.)  The executive board denied the Applicant's appeal on December 14, 2005.  (Id. ¶ 12.)  By letter dated December 22, 2005, Rosado appealed the executive board's decision to the Union's national vice president.  (Id. ¶ 13.)  That appeal was denied on January 24, 2006.  (Id. ¶ 14.)

After exhausting all available remedies under the Union's by-laws and having received a final decision from its national vice president, Rosado filed a timely complaint with the Secretary of Labor on February 8, 2006, pursuant to Section 402(a)(1) of the LMRDA.  (Id. ¶ 15.)  The Secretary investigated the complaint and found probable cause to believe that a violation of Title IV of the LMRDA had occurred with respect to the Union's challenged election.  (Id. ¶ 17.)  The within action thereafter ensued.  The Secretary filed her complaint on October 31, 2006, alleging that the Union violated Title IV of the LMRDA in that they "applied an unreasonable petition requirement with respect to the Operators Services Division" of the Union, "thereby denying members a reasonable opportunity for the nomination of candidates." (Id. ¶ 18.)  The Secretary further alleges that the purported violation may have effected the outcome of the Union's October 21, 2005 election with respect to certain offices.  (Id. ¶ 19.)  Rosado filed his motion to intervene on January 10, 2007.

## DISCUSSION

I.  <u>Intervention Under Title IV of the LMRDA</u>

Under Title IV of the LMRDA, the Secretary of Labor has the exclusive right to bring a post-election enforcement suit.  <u>Trbovich v. United Mine Workers of Am.</u>, 404 U.S. 528, 531

---

petitioning process for elections."  (Mot. to Intervene at 4-5.)

(1972). This right, however, does not bar a union member from intervening in a pending suit, as long as the intervention is limited to the claims of illegality presented by the Secretary's complaint. Id. at 537. Moreover, an intervenor may also assist the court in "fashioning a suitable remedial order" in the event that the Secretary is successful in setting aside the old election. Id. at 537 n.8. The court has discretion in limiting the scope of intervention, "subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." 28 U.S.C.A. Fed. R. Civ. P. 24, Notes of Advisory Committee on Rules at 18; Shore v. Parklane Hosiery Co., Inc., 606 F.2d 354, 356 (2d Cir. 1979).

In order to establish the right to intervene as a matter of right, an applicant must show: (1) an interest relating to the property or transaction that is the subject of the action; and (2) that without intervention, the disposition of the action may impair or impede his or her ability to protect such interest unless that interest is adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2); Trbovich, 404 U.S. at 538 n.10; Herman v. New York Metro Area Postal Union, No. 97 Civ. 6839, 1998 WL 214787, at *1 (S.D.N.Y. Apr. 30, 1998) (citing United States v. Pitney Bowes, 25 F.3d 66, 70 (2d Cir. 1994)). The intervenor's interest in the action must be "direct, substantial, and legally protectable." Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990) (citing Donaldson v. United States, 400 U.S. 517 (1971). As a Union member, there is no question that Mr. Rosado has a sufficient interest in the subject matter of this action. Trbovich, 404 U.S. at 538. With respect to the adequacy of representation, the burden on an intervenor is to show that such representation "may be" inadequate and, therefore, "should be treated as minimal." Id. at 538 n.10. In the context of the within action, the Secretary has a dual obligation: (1) to protect the interests of the individual

union member vis-a-vis the union; and (2) to protect the public interest "in assuring free and democratic union elections that transcends the narrower interest of the complaining union member." Id. at 539 (quoting Wirtz v. Local 153, Glass Blowers Ass'n, 389 U.S. 463, 475 (1968)). Because of the Secretary's dual role in these actions, a union member may have a complaint about the Secretary's conduct of action and "[s]uch a complaint [where] filed by the member who initiated the entire enforcement proceeding should be regarded as sufficient to warrant relief in the form of intervention under Rule 24(a)(2)." Trbovich, 404 U.S. at 539; see also Herman, 1998 WL 214787 at *2 (rejecting defendants' argument that the intervenor had failed to raise a sufficient complaint as to the adequacy of representation).

In the instant action, Rosado initiated the complaint against the union, which led to this action by the Secretary, as was the case in Trbovich and Raska. His claim is the same claim of illegality presented by the Secretary's complaint, pursuant to Title IV of the LMRDA. Rosado has met all of the necessary requirements for intervention: (1) he has filed a timely application for intervention within one calendar month, as required by Section 402(a)(1) of LMRDA; (2) he has asserted his interest as a member of the union at issue in election procedures that "affect [the] entire local," and that interest is direct, substantial, and legally protectable; (3) without intervention his ability to protect his interest in implementing a "fair and reasonable nomination procedure[] that take[s] into account the geographic and economic barriers" may be impaired; and thus (4) he has met the minimal burden of inadequate representation. Lastly, the Secretary, as well as the Union, have no objection to Rosado's application to intervene.

For the foregoing reasons, Rosado's motion to intervene is granted.

II.     The Scope of an Intervenor's Rights

Once intervention is granted, the intervenor becomes a party entitled to litigate fully on the merits of the action. In re Oceana Int'l, Inc., 49 F.R.D. 329, 333-34 (S.D.N.Y. 1970) (citing Park & Tilford, Inc. v. Schulte, 160 F.2d 984, 989 n.1 (2d Cir. 1947)); see also The Ass'n of Contracting Plumbers of the City of New York, Inc. v. Local Union No. 2 United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus., 841 F.2d 461 (2d Cir. 1988) ("Once the right to intervene is established, the intervenor's status is equivalent to that of a party."); United States v. Bd. of Educ. of Waterbury, 605 F.2d 573, 576 (2d Cir. 1979) ("An intervenor is certainly a party."). The intervenor may assert his or her interests in all pending aspects of the lawsuit, within the bounds of any limitation imposed at the time of intervention. Bd. of Educ. of Waterbury, 605 F.2d at 576; Shore, 606 F.2d at 356. The parties were afforded the opportunity to submit proposals as to the scope of Rosado's participation in this action and have failed to do so. Here, as noted above, Rosado's intervention is limited by law to the claims of illegality set forth in the Secretary's complaint and, if the action is successful, to any remedial order relating to the terms and conditions of any new election or other relief. In addition, in an effort to avoid unnecessary duplication and promote efficiency in the prosecution of this action, Rosado is directed to, wherever feasible, coordinate his efforts with those of the Secretary.

## CONCLUSION

For the foregoing reasons, Rosado's motion to intervene as a party to this action is granted, subject to the terms and conditions set forth above.

SO ORDERED.

Dated: Central Islip, New York
      April 26, 2007

_/s/ E. THOMAS BOYLE_

Hon. E. Thomas Boyle

United States Magistrate Judge