UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                Plaintiff,                              Civil Action
                                                              No. CV-06-5896

VICTOR ROSADO                                         (Wexler, J.)
                                                              (Boyle, M.J.)
                Plaintiff-Intervenor,

   -against-

LOCAL 1104 COMMUNICATIONS WORKERS
OF AMERICA

                Defendant.
-----------------------------------------------------------------x

        Plaintiff Elaine L. Chao, Secretary of Labor ("Secretary"), plaintiff-intervenor Victor Rosado ("Rosado"), and defendant Local 1104 Communications Workers of America ("Local 1104"), by and through undersigned counsel, and in order to resolve this action without the necessity of further litigation, hereby stipulate and agree to settlement of this dispute as follows, and respectfully request that the Court so order:

        WHEREAS, the Secretary filed this action on October 31, 2006, under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481 *et seq.* (hereinafter "the Act"), seeking an order declaring void the result of Local 1104's October 21, 2005 regularly scheduled election for the offices of President, Secretary-Treasurer, Executive Vice President Education Division, Executive Vice President Operator Services Division, and Executive Vice President Telecommunications Division and further seeking an order directing Local 1104 to conduct a new election for those officers under the supervision of the Secretary;

WHEREAS, the Secretary contends that Local 1104 violated Section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of said election by applying an unreasonable petition requirement with respect to the Operator Services Division;

WHEREAS, Rosado was granted intervenor status on April 26, 2007 which was limited by law to the claims set forth in the Secretary's complaint and, if the action was successful, to any remedial order relating to the terms and conditions of any new election or other relief;

WHEREAS, Local 1104, by entering into this Stipulation, does not admit that it violated the aforementioned provisions of Title IV in its 2005 election of officers; and

WHEREAS, the parties to this action now wish to resolve this litigation fully and amicably without the necessity of further litigation;

IT IS HEREBY STIPULATED TO AND AGREED, by and among the parties to this action, through their undersigned counsel, and IT IS HEREBY ORDERED AND ADJUDGED that;

1. The Secretary, Rosado and Local 1104 have entered into this Stipulation and Order of Settlement for the sole purpose of resolving the issues in this action and for no other purpose.

2. The Secretary will supervise Local 1104's next regularly scheduled election of officers, which will be held in its normal time frame in October 2008. Those elected in the supervised election shall serve a full term of office as specified in Local 1104's Bylaws and the Constitution of the Communication Workers of America, AFL-CIO. The supervised election shall be conducted in accordance with Title IV of the Act (29 U.S.C. §§ 481 *et seq.*) and, insofar

as is lawful and practicable, in accordance with Local 1104's Bylaws and the Constitution of the Communications Workers of America, AFL-CIO in effect at the time of the 2008 election.

3. All decisions as to the interpretation or application of Title IV of the Act, as to the conduct of the supervised election, are to be made and determined by the Secretary or her representative. All decisions as to the interpretation or application of Local 1104's Bylaws and the Constitution of the Communications Workers of America, AFL-CIO, as to said election, are to be made and determined by Local 1104's Election Committee. Should any conflict arise between the Secretary's interpretation and application of Title IV of the Act and the Election Committee's interpretation and application of Local 1104's Bylaws and the Constitution of the Communications Workers of America, AFL-CIO, the Secretary shall decide how the election shall be conducted unless and until any such decision is, on application of Local 1104, set aside by the Court. The Court shall hear any such challenge on an emergent and expedited basis.

4. After completion of the election specified in paragraph 2 above, the Local 1104 Election Committee shall certify the results pursuant to Local 1104's Bylaws and the Constitution of the Communications Workers of America, AFL-CIO.

5. The Court shall retain jurisdiction of this action and after completion of the supervised election, the Secretary shall certify to the court the names of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, the provisions of this Stipulation of Settlement and insofar as lawful and practicable, in accordance with the provisions of Local 1104's Bylaws and the Constitution of the Communications Workers of America, AFL-CIO.

6. Upon the Court's receipt and approval of such certification, it shall enter a final judgment declaring that such persons have been elected, as shown by such certification, to serve

a three-year term of office. Such judgment shall further provide that each party will bear its own fees and expenses incurred by such party in connection with any stage of this proceeding.

Dated: Central Islip, New York
~~February 25,~~ 2008
*March 6, 2008*

                BENTON J. CAMPBELL
                United States Attorney
                Eastern District of New York
                610 Federal Plaza, 5th Flr.
                Central Islip, New York 11722

By: _____
     VINCENT LIPARI
     Assistant U.S. Attorney

Dated: New York, New York
       , 2008

                SCHWARTZ, LICHTEN & BRIGHT, P.C.
                275 Seventh Avenue, 17th Floor
                New York, New York 10001

By: _____
     ARTHUR Z. SCHWARTZ
     Attorneys for Plaintiff-Intervenor Rosado

Dated: New York, New York
       , 2008

                WEISSMAN & MINTZ LLC
                80 Pine Street, 33rd Floor
                New York, New York 10005

By: _____
     DAVID A. MINTZ
     Attorneys for Defendant Local 1104

Dated: New York, New York
     *February 25*, 2008

SO ORDERED:

_____
Hon. Leonard D. Wexler
United States District Judge

4